# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

PAULA MARIE KUCHCIAK,

        Plaintiff,                    Civil Action No. 5:06-14944

v.                                 HONORABLE JOHN CORBETT O'MEARA

                                     UNITED STATES DISTRICT COURT

MICHAEL COX, et. al.,

        Defendants,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  Introduction

Before the Court is Plaintiff Paula Marie Kuchiak's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983.  Plaintiff is a state prisoner currently confined at the Scott Correctional Facility in Plymouth, Michigan.  For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE.**

### II.  Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

Dockets.Justia.com

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## III. <u>Complaint</u>

Plaintiff claims that she was falsely arrested and convicted for solicitation to commit first-degree murder by the defendants. Petitioner further claims that she has wrongly been denied post-conviction relief by the state courts. Plaintiff now seeks monetary, injunctive, and declarative relief.

## IV. <u>Discussion</u>

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that plaintiff seeks monetary damages arising from her criminal conviction, she would be unable to obtain such damages absent a showing that her

2

criminal conviction had been overturned.  To recover monetary damages for an allegedly

unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the

conviction or sentence was reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal, or called into question by the issuance of a federal

writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A § 1983 suit

in which a plaintiff seeks damages in connection with proceedings leading to his

allegedly wrongful state court conviction is not cognizable where the plaintiff's

conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25

F. Supp. 2d 432, 433 (S.D.N.Y. 1998).  Because plaintiff does not allege that her

conviction has been overturned, expunged, or called into question by a writ of habeas

corpus, her allegations relating to her criminal prosecution, conviction, and incarceration

against the defendants fail to state a claim for which relief may be granted and must,

therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004);

*Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent that plaintiff is seeking to have her criminal convictions vacated or

set aside in this civil rights action, the civil rights complaint is subject to dismissal.

Where a state prisoner is challenging the very fact or duration of his or her physical

imprisonment and the relief that he or she seeks is a determination that he or she is

entitled to immediate release or a speedier release from that imprisonment, his or her sole

federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475,

500 (1973).  Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's

criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *See also Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002). An action which is properly one for habeas relief does not state a cognizable claim under § 1983. *See Benson v. New Jersey State Parole Bd.,* 947 F. Supp. 827, 831 (D.N.J. 1996). When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 for a petition for writ of habeas corpus to attack a state court conviction, a prisoner fails to state a claim under § 1983. *Palmer v. Nebraska Supreme Court,* 927 F. Supp. 370, 371 (D. Neb. 1996)(*quoting Eutzy v. Tesar,* 880 F. 2d 1010, 1011 (8th Cir. 1989)). A plaintiff therefore cannot seek declaratory or injunctive relief relating to his conviction in a § 1983 action. *Nelson v. Campbell,* 124 S. Ct. 2117, 2122 (2004); *St. Germain v. Isenhower,* 98 F. Supp. 2d 1366, 1373 (S.D. Fla. 2000).

Since plaintiff appears to be asking this Court to reverse her criminal conviction, her complaint would stand in habeas corpus, and not under the civil rights statute. The current defendants would therefore not be the proper respondent. *See Urrutia v. Harrisburg County Police Dept.,* 91 F. 3d 451, 462 (3rd Cir. 1996)(citing to Rule 2(a), Rules Governing § 2254 Cases). Instead, the proper respondent would be Clarice Stovall, the warden at the Scott Correctional Facility.

To the extent that plaintiff is seeking to be released from custody, her action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit

4

under § 1983.  This Court will not, however, convert the matter to a petition for a writ of habeas corpus.  When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999).  Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.*  This Court cannot treat plaintiff's complaint as an application for habeas corpus relief because the Court has no information that the plaintiff has exhausted her state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *Parker v. Phillips,* 27 Fed. Appx. 491, 494 (6th Cir. 2001); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998).  Moreover, any habeas petition would be subject to dismissal because plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000).  Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

Plaintiff's related claim that she has been denied the ability to file a 6.500 motion must be denied.  States have no obligation to provide a system of post-conviction relief to criminal defendants. *See Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987).  Plaintiff's claim under § 1983 that she was deprived of access to the courts by the actions of the

state trial judge during state post-conviction proceedings must fail, because any defects in state post-conviction procedures would not constitute grounds for relief in federal court. *See e.g. Soliz v. Hassett,* 71 Fed. Appx. 331, 332 (5th Cir. 2003).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Therefore, because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).


# V.  <u>ORDER</u>

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE.**

s/John Corbett O'Meara
UNITED STATES DISTRICT JUDGE

Dated:  November 8, 2006

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 8, 2006, by electronic and/or ordinary mail.


<u>s/William Barkholz</u>
Case Manager